CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

3/20/2019

JULIA C. DUDLEY, CLERK
BY: S/J.Vasquez
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| JUNIOR MCLEOD, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No. 5:19-cv-00001<br>)<br>) By: Elizabeth K. Dillon |
| NORTHWESTERN COMMUNITY SERVICE BOARD, | ) United States District Judge<br>)<br>) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Junior McLeod, proceeding *pro se*, filed a complaint against Northwestern Community Service Board (NWCSB) alleging discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended. This matter is before the court on defendant's motion to dismiss the complaint as time-barred pursuant to 42 U.S.C. § 2000e-5(f)(1). (Dkt. No. 5.) Defendant filed its motion to dismiss on January 28, 2019, plaintiff has filed a response, titled an "opposition affidavit" (Dkt. No. 11), and defendant has filed a reply (Dkt. No. 12). Thus, the motion is now ripe for the court's consideration.

For the following reasons, the court will grant the motion to dismiss.

I. BACKGROUND

On January 2, 2019, plaintiff filed his complaint against his former employer, NWCSB, alleging claims of race and ethnicity discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. The complaint shows a signature date of December 22, 2018, but it was not filed until the date it was received by the clerk, which was January 2. (Compl. 11, Dkt. No. 2.) Though the EEOC's right-to-sue letter was not included as an exhibit to the complaint, plaintiff's complaint represents that he received that letter on

September 19, 2018. In an affidavit that constitutes his opposition to the motion to dismiss, he avers that he actually received the right to sue letter on September 24, 2018.[1]

To the extent plaintiff's affidavit is an attempt to alter the allegations in his complaint, his affidavit is ineffective for that purpose. *S. Walk at Broadlands Homeowner's Ass'n v. Openband at Broadlands, LLC*, 713 F.3d 175, 184–85 (4th Cir. 2013) ("It is well-established that the parties cannot amend their complaints through briefing or oral advocacy."). In any event, even if the court were to utilize the later date of receipt from his affidavit, plaintiff's complaint is nonetheless untimely, as discussed next.

## II. DISCUSSION

Pursuant to 42 U.S.C. § 2000-5(f)(1), a Title VII action must be filed within ninety days of a claimant's receipt of his right-to-sue notice from the EEOC. That filing requirement operates as a statute of limitations that must be strictly construed. *Lewis v. Norfolk S. Corp.*, 271 F. Supp. 2d 807, 811 (E.D. Va. 2003) (citing *Harvey v. City of New Bern Police Dep't*, 813 F.2d 652 (4th Cir. 1987)).

Defendant contends that plaintiff's complaint is untimely because it was filed more than 90 days after he received his right-to-sue notice and that this is true regardless of which date of receipt alleged by plaintiff is utilized. The court agrees.

Based upon the complaint's representation that plaintiff received the right-to-sue letter on September 19, 2018, the ninety-day deadline within which to file his lawsuit expired on December 18, 2018, a date that is prior to both the signing of his complaint (December 22, 2018), and the filing date, *i.e.*, the date it was received by the court (January 2, 2019). Even utilizing the September 24, 2018 receipt date, as set forth in plaintiff's opposition affidavit, his

---

[1] His affidavit also states that the right-to-sue notice is attached, but it was not. (Dkt. No. 11 at 2.)

complaint was not timely filed. Using that date, he had until Monday, December 24, 2018, to file his complaint. It was not filed, however, until January 2, 2019.

Moreover, plaintiff's response to the motion to dismiss does not request equitable tolling, nor do any of his filings disclose any facts that would entitle him to tolling. *See Ugbo v. Knowles*, 480 F. Supp. 2d 850, 852–53 (E.D. Va. 2007) (dismissing an untimely Title VII complaint and holding that the *pro se* plaintiff was not entitled to equitable tolling where the facts alleged did not show any reasonable basis for it and that "*pro se* status provides no independent basis for an equitable tolling of the Title VII filing period"); *Asbury v. City of Roanoke*, 599 F. Supp. 2d 712, 719–20 (W.D. Va. 2009) (holding same and explaining that "[e]quitable tolling is an extraordinary form of relief which is granted sparingly").

## III.  CONCLUSION

For the reasons stated herein, it is hereby ORDERED that defendant's motion to dismiss (Dkt. No. 5) is GRANTED, the complaint is DISMISSED WITH PREJUDICE, and this action is STRICKEN from the active docket of the court.

The Clerk is directed to send copies of this order to all counsel of record and to Mr. McLeod.

Entered: March 20, 2019.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge